UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT TURNER,<br><br>                   Plaintiff,<br><br>          v.<br><br>ANDREW ZEPP and KHALED A. TAWANSY,<br><br>                   Defendants. | Case No. 1:20-cv-00184-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR ISSUANCE OF A SUBPOENA DUCES TECUM, WITHOUT PREJUDICE<br><br>(ECF No. 27) |

Plaintiff, Vincent Turner, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On September 10, 2020, Plaintiff filed a motion for issuance of a subpoena duces tecum. (ECF No. 27.) This is Plaintiff's second motion for issuance of a subpoena. The Court will deny the motion.

On August 24, 2020, Plaintiff filed his first motion for the issuance of a subpoena duces tecum.  (ECF No. 23.)  In that motion, Plaintiff asked that Kern Valley State Prison ("KVSP") be ordered to produce phone records from Delta Yard; prison count records from the watch office and prison out count for the period 9-6-17 to 9-23-17; and out sheet records from the watch commander office for the period 9-6-17 to 10-1-17. (ECF No. 23.) The Court denied the motion. (ECF No. 24.) In doing so, the Court noted that it was unclear whether the information sought by Plaintiff is related to his case, that discovery was not yet opened, and that Plaintiff

1

did not demonstrate that the information he requested was available only through a third party. The Court explained to Plaintiff that once discovery is open, he should first request the information from Defendants, and that if Defendants object on the ground that they do not have possession, custody, or control of the information, Plaintiff could then refile the motion, along with Defendants' objection. (ECF No. 24.)

Rather than follow the Court's instructions, Plaintiff has instead filed another motion for issuance of a subpoena duces tecum. In this motion, Plaintiff seeks KVSP phone records for the period 9-24-17 to 9-12-17 for the number 925-392-8073. (ECF No. 27.) Plaintiff states that his "witness" was "on the phone talkin explaining my situation. To my family. He was a A.D.A. worker. Or we could call in these people as witness. Donatae Osbrorne . . . . S. Smith . . . . I'm sure the prison [has] records. I need those people as witness along with my monitor calls to 925-392-8073 from 8-24-17 through 9-12-17." (*Id.*)

As the Court explained in its previous order denying Plaintiff's motion for issuance of a subpoena (ECF No. 24), discovery is not yet opened in this case and, further, Plaintiff has not demonstrated that the information he requests is available only through a third party (as opposed to being available through defendants). As also previously explained (ECF No. 24), once discovery is open, Plaintiff should first request the information from Defendants, and if Defendants object on the ground that they do not have possession, custody, or control of the information, Plaintiff may refile a motion requesting issuance of a subpoena, along with a copy of Defendants' objection.

Accordingly, it is ORDERED that Plaintiff's second motion for the issuance of a subpoena duces tecum (ECF No. 27) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **September 15, 2020**                    /s/ *Erica P. Grosjean*
                                                      UNITED STATES MAGISTRATE JUDGE