UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT TURNER,<br><br>             Plaintiff,<br><br>     v.<br><br>ANDREW ZEPP, et al.,<br><br>             Defendants. | Case No. 1:20-cv-00184-AWI-EPG (PC)<br><br>ORDER FOR DEFENDANT KHALED A. TAWANSY TO SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED FOR FAILURE TO APPEAR AND FAILURE TO COMPLY WITH COURT ORDERS<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Vincent Turner ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On June 23, 2020, the Court issued a screening order finding Plaintiff had stated a cognizable claim against Defendants Andrew Zepp and Khaled A. Tawansy for deliberate indifference to serious medical need in violation of the Eighth Amendment. (ECF No. 15.) The Court simultaneously issued an order finding service of the complaint appropriate. (ECF No. 16.)

On August 28, 2020, the Court entered an Order Setting an Initial Scheduling Conference and Requiring Initial Disclosures and Scheduling Conference Statements. (ECF No. 26.) This order set an Initial Scheduling Conference for December 9, 2020, at 3:00 p.m., and noted that attendance at the Initial Scheduling Conference was mandatory. (*Id*.) The order provided instructions on how appear at the conference telephonically. (*Id.* at 2.)

1

On September 17, 2020, the Court received a letter dated September 11, 2020 from Defendant Khaled A. Tawansy, M.D. proceeding *pro se*. (*See* ECF No. 29.) As the letter contained medical and other confidential regarding Plaintiff, the Court ordered the letter to be filed under seal. (*Id.*) The Court further directed the Clerk of Court to serve a copy of the letter on Plaintiff and Defendant Andrew Zepp and instructed the parties to maintain the confidentiality of the medical and other confidential information contained therein. (*Id.*)

Defendant Tawansy's letter dated September 11, 2020 contained information that constituted a response to the complaint, as it purported to deny Plaintiff's allegations. (ECF No. 30.) The letter also set forth Defendant Tawansy's current address as 6000 Physicians Plaza, Bakersfield, CA 93301. (*Id.*) Accordingly, the Court entered an order on November 23, 2020, requesting that the Clerk of Court update the docket to reflect Defendant Tawansy's address and serve Defendant Tawansy with copies of the Court's order, Plaintiff's complaint, the screening order, and the Order Setting an Initial Scheduling Conference and Requiring Initial Disclosures and Scheduling Conference Statements. (ECF No. 35.) The Court further directed Defendant Tawansy to make initial disclosures within thirty (30) days. (*Id.*) The Clerk of Court served copies of the Court's orders and the complaint on Defendant Tawansy by U.S. Mail on November 23, 2020.

On December 10, 2020, after counsel for Defendant Andrew Zepp notified the Court of Plaintiff's unavailability to participate in the scheduling conference, the Court issued an order resetting the scheduling conference for February 1, 2021, at 3:00 p.m. (ECF No. 38.) The Court's order noted that Defendant Tawansy did not appear at the scheduling conference on December 9, 2020 and, given the light timing of vacating the scheduling conference, it did not appear that Defendant Tawansy had notice that it had been rescheduled. (*Id.*) Accordingly, the Court reminded Defendant Tawansy that he was required to appear telephonically at the scheduling conference on February 1, 2021. (*Id.*) The parties were again provided instructions on how to appear telephonically. (*Id.*) The Court's order was served on Defendant Tawansy by U.S. Mail on December 10, 2020.

On February 1, 2021, the Court held an Initial Scheduling Conference. Plaintiff telephonically appeared on his own behalf. Defendants Zepp and Tawansy failed to appear.

"District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (citing *Link v. Wabash Railroad Co.,* 370 U.S. 626 (1961)); *see also TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916–17 (9th Cir. 1987) ("Courts have inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abusive litigation practices") (citations omitted). Local Rule 110 also provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court may strike a defendant's answer and enter default as a sanction for failure to comply with its orders. *See, e.g., Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (upholding a district court's entry of default as a sanction); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (finding that a district court properly struck a defendant's answer and entered default as a sanction). The Court considers five factors before declaring a default: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (citing *Dreith*, 648 F.3d at 788).[1]

---

[1] If the Court enters Defendant Tawansy's default, Plaintiff may file a motion for default judgment under Federal Rule of Civil Procedure 55(b)(2). In the Ninth Circuit, the following factors are considered when deciding whether or not to grant a motion for default judgment: (i) the possibility of prejudice to the plaintiff; (ii) the merits of plaintiff's substantive claims; (iii) the sufficiency of the complaint; (iv) the sum of money at stake in the action; (v) the possibility of a dispute concerning material facts; (vi) whether the default was due to excusable neglect; and (vii) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471-1472 (9th Cir.1986) (citation omitted). Additionally, Plaintiff must provide proof of all damages he claims. *See TeleVideo Sys.,* 826 F.2d at 917-18 ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") Any motion for default judgment should also explain why the Court should enter a separate judgment against Defendant Tawansy only rather than entering a single judgment against all parties at the end of the litigation. *See* Fed R. Civ. P. 54(b).

Accordingly, Defendant Khaled A. Tawansy is HEREBY ORDERED TO SHOW CAUSE why he should not be sanctioned for failing to appear at the Initial Scheduling Conference and failing to comply with the Court's orders. Sanctions may include a recommendation that Defendant Tawansy's answer be stricken and the Clerk of Court enter his default. Defendant Tawansy shall file a written response to this order to show cause within **twenty-one (21) days** of service of this order.

**Failure to respond to this order may result in the imposition of sanctions, including a recommendation that Defendant Tawansy's answer be stricken and the Clerk of Court enter his default.**

IT IS SO ORDERED.

Dated: **February 5, 2021**     /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE