1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

| | |
|---|---|
| VINCENT TURNER,<br><br>                        Plaintiff,<br><br>      v.<br><br>ANDREW ZEPP, et al.,<br><br>                    Defendants. | Case No. 1:20-cv-00184-AWI-EPG (PC)<br><br>ORDER DISCHARGING ORDER REQUIRING COUNSEL FOR DEFENDANT ANDREW ZEPP TO SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED FOR FAILURE TO APPEAR<br><br>(ECF Nos. 41, 44.) |

17

18

19

      Plaintiff Vincent Turner, proceeding *pro se* and *in forma pauperis,* filed this action on January 31, 2020, alleging claims pursuant to 28 U.S.C. § 1983 against Defendants Andrew Zepp and Khaled A. Tawansy.

20

21

22

23

      On February 2, 2020, the Court entered an order requiring counsel for Defendant Zepp to show cause why he should not be sanctioned for failing to appear at the Initial Scheduling Conference in this case on February 1, 2021. (ECF No. 41.) Counsel for Defendant Zepp was directed to respond to the Court's order in writing within fourteen days. (*Id.*)

24

25

26

27

28

      On February 5, 2021, John C. Bridges, counsel for Defendant Zepp, filed a written response to the order to show cause explaining that his failure to appear was due to an inadvertent calendaring error. (ECF No. 44.) Specifically, when the Court rescheduled the Initial Scheduling Conference from December 10, 2020, to February 1, 2021, Mr. Bridges believed that his legal secretary had calendared the new date. (*Id.* at 1-2.) However, Mr.

1  Bridges' legal secretary was on leave the week and did not see the Court's order. (*Id.* at 2.) Mr.

2  Bridges was on a meet and confer conference call in another matter during the February 1,

3  2021 Initial Scheduling Conference and saw an email from Courtroom Deputy Michelle

4  Means-Rooney after his call concluded. (*Id.*) Mr. Bridges called in to the conference at

5  approximately 3:27 p.m. but the conference had been adjourned. (*Id.*) Mr. Bridges expressed

6  his sincere regret for missing the appearance and represented that it will not happen again. (*Id.*)

7        In light of counsel's explanation, the Court will discharge the order to show cause.[1]

8        Accordingly, IT IS HEREBY ORDERED that the Court's order (ECF No. 41) for

9  counsel for Defendant Andrew Zepp to show cause why he should not be sanctioned is

10  DISCHARGED.

11

12  IT IS SO ORDERED.

13      Dated:   __**February 8, 2021**__          /s/ *Erica P. Grosjean*

14                                        UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

---

26  [1] On February 5, 2021, the Court entered a separate order requiring Defendant Khaled A. Tawansy, who is proceeding *pro se* and is not represented by Mr. Bridges, to show cause why he should not be sanctioned for his

27  failure to appear at the Initial Scheduling Conference. (ECF No. 43.) Defendant Tawansy has not yet responded to that order and the time to do so has not yet expired. (*See id.*) This order does not affect the Court's order directed

28  to Defendant Tawansy and he is still required to show cause in writing for his failure to appear at the Initial Scheduling Conference within the applicable deadline.