UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT TURNER,<br><br>            Plaintiff,<br><br>    v.<br><br>ANDREW ZEPP, et al.,<br><br>            Defendants. | Case No. 1:20-cv-00184-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION FOR ISSUANCE OF A SUBPOENA DUCES TECUM WITHOUT PREJUDICE<br><br>(ECF No. 46) |

Plaintiff Vincent Turner ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On February 8, 2021, Plaintiff filed his third motion for issuance of subpoenas. (ECF No. 46.) The Court will deny the motion without prejudice.

**I.    BACKGROUND**

On August 24, 2020, Plaintiff filed his first motion for the issuance of a subpoena duces tecum. (ECF No. 23.) In that motion, Plaintiff asked that Kern Valley State Prison ("KVSP") be ordered to produce phone records from Delta Yard; prison count records from the watch office and prison out count for the period 9-6-17 to 9-23-17; and out sheet records from the watch commander office for the period 9-6-17 to 10-1-17. (ECF No. 23.)

1

The Court denied the motion by order entered on August 25, 2020. (ECF No. 24.) In the order, the Court noted that it was unclear whether the information Plaintiff sought was related to his case, discovery was not yet open, and Plaintiff did not demonstrate that the information he requested was available only through a third party. (*Id.*) The Court explained to Plaintiff that, once discovery is open, he should first request the information from Defendants, and if Defendants object on the ground that they do not have possession, custody, or control of the information, Plaintiff could then refile the motion, along with Defendants' objection. (*Id.*)

On September 10, 2020, Plaintiff filed a second motion for issuance of a subpoena duces tecum. (ECF No. 27.) In this motion, Plaintiff sought KVSP phone records for the period 9-24-17 to 9-12-17 for the number 925-392-8073. (*Id.*) Plaintiff stated that his "witness" was "on the phone talkin explaining my situation. To my family. He was a A.D.A. worker. Or we could call in these people as witness. Donatae Osbrorne . . . . S. Smith . . . . I'm sure the prison [has] records. I need those people as witness along with my monitor calls to 925-392-8073 from 8-24-17 through 9-12-17." (*Id.*)

On September 16, 2020, the Court entered an order denying Plaintiff's second motion for issuance of a subpoena. (ECF No. 28.) The Court again explained that discovery was not yet open in this case and, further, Plaintiff had not demonstrated that the information he requests is available only through a third party (as opposed to being available through defendants). (*Id.*) The Court also reminded Plaintiff that, once discovery is open, Plaintiff should first request the information from Defendants, and if Defendants object on the ground that they do not have possession, custody, or control of the information, Plaintiff may refile a motion requesting issuance of a subpoena, along with a copy of Defendants' objection. (*Id.*)

On February 2, 2021, the Court entered a Scheduling Order in this case. (ECF No. 40.) The Scheduling Order explained that discovery was open and set forth the procedures for Plaintiff to request a third-party subpoena. (*Id.* at 2, 4.)

On February 8, 2021, Plaintiff filed his third motion requesting that the Court issue subpoenas to third parties. (ECF No. 46.) According to this motion, Plaintiff seeks a subpoena to KVSP for phone records of conversations between Defendants Andrew Zepp and Khaled

Tawansy speaking about Plaintiff's condition. (*Id.*) Specifically, Plaintiff seeks records of phone calls made between August 25, 2017, and September 9, 2017, from Delta Yard medical. (*Id.*) Plaintiff explains that this is evidence proving that both doctors were aware of the serious need of Plaintiff's medical condition and that both defendants failed their obligations as doctors. (*Id.*) Plaintiff also requests subpoenas to the following witnesses: "Transporting office. Ms. Davis 3rd watch c/o from B-yard. Doing the time of 9-17 transported me to Riverside Hospital;" "Riverside: surgeon who treated my infection 9-17 expert witness;" "Tri-City: surgeon expert witness;" and "S. Smith my old celly at Kern Valley. Delano. Eye Witness." (*Id.*) Finally, Plaintiff requests inmate phone records from August 26, 2017 through September 9, 2017 made to the phone number 925-392-8073. (*Id.*) Plaintiff explains that this will be favorable evidence that he is entitled to use to prove his claim. (*Id.*)

## II.  DISCUSSION

Plaintiff again has not demonstrated that the information he requests is available only through a third party and is not available through Defendants. As the Court has repeatedly explained to Plaintiff, he should first request this information from Defendants, and if Defendants object on the ground that they do not have possession, custody, or control of the information, Plaintiff may refile a motion requesting issuance of a subpoena, along with a copy of Defendants' objection. The Scheduling Order entered on February 1, 2020 also explained that the Court will only consider granting a request for issuance of third-party subpoenas if the documents sought are not obtainable from Defendants through a request for production of documents. (ECF No. 40 at 4.) Plaintiff must therefore (1) identify with specificity the documents sought and from whom; and (2) make a showing in the request that the records are only obtainable through a third party. (*Id.*)

Plaintiff also has failed to explain how the inmate phone records from August 26, 2017 through September 9, 2017 made to the phone number 925-392-8073 are related to this case. Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Although Plaintiff concludes that the inmate phone records are favorable evidence, he does not explain why he needs this information or how it is relevant to his claims.

Plaintiff also requests issuance of subpoenas to witnesses, but it is not clear whether Plaintiff seeks documents from these individuals, wants them to appear at trial, or is asking to depose them during discovery. If Plaintiff is requesting documents from these individuals, he must identify the specific documents he seeks, explain how they are related to his case, and show that the information is only obtainable through a third party as opposed to Defendants.

If Plaintiff wants the individuals identified in his motion to appear as witnesses at trial, he must follow the procedures outlined in the Scheduling Order for ensuring that a witness will be at trial and available to testify. (ECF No. 40 at 7-9.) Those procedures differ depending on whether the witness is incarcerated and willing to testify voluntarily. Plaintiff has not provided enough information in his motion for the Court to determine which procedures apply or whether he has complied with any of the relevant requirements. Additionally, to the extent possible, Plaintiff should not file piecemeal requests for trial witness subpoenas. Instead, he should wait until he has compiled his entire list of witnesses that need to be subpoenaed for trial, and then file his request. Plaintiff should also file his request closer to the deadlines set forth in the Scheduling Order, so as to preserve both his and the Court's resources.

To the extent Plaintiff is asking to depose the individuals he identifies in his motion during discovery, the Federal Rules of Civil Procedure provide for two ways to depose a witness: (1) by oral examination; and (2) by written questions.[1] Regardless of whether the

---

[1] Federal Rule of Civil Procedure 30 sets forth the procedure for depositions by oral questions. In this type of deposition, the responses are reported, and the transcript is prepared by a court reporter. *See* Fed. R. Civ. P. 30. A party who wants to depose a person by oral questions must give written notice to every other party, stating the time and place of the deposition. Fed. R. Civ. P. 30(b)(1). The party taking the deposition must also pay the costs of recording the deposition and, unless the parties stipulate otherwise, must arrange for an officer to conduct the deposition. *Id.*; Fed. R. Civ. P. 30(b)(5)(A).

Federal Rule of Civil Procedure 31 sets forth the procedure for depositions by written questions. In this type of deposition, a party sends out a notice of deposition identifying: (1) the witness, (2) the officer taking the

deposition is by oral or written questions, if the person being deposed is not a party to the case, a subpoena is required. *See* Fed. R. Civ. P. 30(a)(1), 31(a); *see also* Fed. R. Civ. P. 45. Plaintiff's *in forma pauperis* status does not entitle him to a waiver of any of the costs associated with a deposition and he must arrange for and pay the necessary deposition officer or court reporter fees and any costs for a transcript. *O'Connor v. Perez*, 2020 WL 1974194, at *2 (E.D. Cal. Apr. 24, 2020). Additionally, because the witnesses Plaintiff identifies do not appear to be parties to this case, Plaintiff is required to pay attendance and/or mileage fees. Fed. R. Civ. P. 45; *Brooks v. Tate*, 2013 WL 4049053, at *1 (E.D. Cal. Aug. 7, 2013).

Plaintiff's motion does not say whether he is requesting to depose the individuals he identifies by oral or written questions. Additionally, Plaintiff has not identified the date, time, or location for the depositions to occur or the deposition officer that will take responses and prepare the record. If Plaintiff chooses to refile his motion and requests a subpoena to depose these witnesses, he should show that he has located a deposition officer and is able and willing to pay all fees associated with the deposition. Additionally, Plaintiff should describe the information he expects to obtain from these witnesses and how that information is related to this case. Plaintiff should also demonstrate that this information can only be obtained from a third party and cannot be obtained from Defendants.

The Court also notes that there are additional limitations due to the COVID-19 pandemic at this time and any deposition must be conducted in a safe and secure manner consistent with Plaintiff's institution's security requirements. The Court may require input from Plaintiff's institution before ruling on any motion requesting to conduct depositions.

Finally, Plaintiff has identified two individuals as "expert witnesses" in his motion. (ECF No. 46.) Plaintiff describes these "expert witnesses" as "surgeon who treated my infection" and "Tri-City: surgeon." (*Id.*) It is not clear if Plaintiff is requesting that these

---

deposition; (3) a list of questions for the witness to answer; and (4) a date, time, and location for the deposition to occur. Fed. R. Civ. P. 31(a)(3); *see also Mosley v. Nangalama*, 2014 WL 1877459, at *2–3 (E.D. Cal. May 9, 2014) (citation omitted). The parties then have an opportunity to serve written cross-questions, redirect questions, cross-questions, and recross-questions within certain specified deadlines. Fed. R. Civ. P. 31(a)(5). The questions and responses are then sent to the deposition officer who would depose the witness with the scripted questions. Fed. R. Civ. P. 31(b).

individuals be appointed as expert witnesses.

The Court has the discretion under Federal Rule of Evidence 706(a) to appoint a neutral expert. *See Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). In relevant part, Rule 706(a) states that, "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed..." Fed. R. Evid. 706(a).

> "Where a party has filed a motion for appointment of a neutral expert under Rule 706, . . . [s]everal factors guide the court's decision. First, and most importantly, the court must consider whether the opinion of a neutral expert will promote accurate fact finding. The court may also consider the ability of the indigent party to obtain an expert and the significance of the rights at stake in the case. Expert witnesses should not be appointed where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case."

*Johnson v. Cate*, 2015 WL 5321784, at *2 (E.D. Cal. 2015) (citations omitted).

Plaintiff has not shown that appointment of a neutral expert will promote accurate fact finding and is necessary or significantly useful to understand a material issue in the case. Accordingly, the Court declines to appoint expert witnesses at this time. If Plaintiff chooses to refile a motion for appointment of an expert, he is advised that Rule 706(a) permits appointment of a neutral expert to assist the Court but does not authorize appointment of an expert for Plaintiff's own benefit to be paid for by the Court. *McCoy v. Stronach*, 2020 WL 6075651, at *2 (E.D. Cal. Oct. 15, 2020).

### III. CONCLUSION AND ORDER

For the foregoing reasons, it is ORDERED that Plaintiff's motion requesting issuance of subpoenas (ECF No. 46) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **February 19, 2021**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

6