UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT TURNER,<br><br>                    Plaintiff,<br><br>          v.<br><br>ANDREW ZEPP, et al.,<br><br>                    Defendants. | Case No. 1:20-cv-00184-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AND MOTION FOR DEFAULT JUDGMENT<br><br>(ECF Nos. 53, 54.) |

Plaintiff Vincent Turner ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court are Plaintiff's request that the Court enter default against Defendant Tawansy and Plaintiff's motion for default judgment against Defendant Tawansy. (ECF Nos. 53, 54.)

I.       BACKGROUND

On June 23, 2020, the Court issued a screening order finding Plaintiff had stated a cognizable claim against Defendants Andrew Zepp and Khaled A. Tawansy for deliberate indifference to serious medical need in violation of the Eighth Amendment. (ECF No. 15.) The Court simultaneously issued an order finding service of the complaint appropriate. (ECF No. 16.) The Court ordered service to proceed under the Court's E-Service pilot program and, on June 30, 2020, the California Department of Corrections returned a notice of intent not to waive service as to Defendant Tawansy. (ECF No. 19.) Service documents for Defendant Tawansy

1

were accordingly forwarded to the United States Marshal Service consistent with the Court's order finding service appropriate.

On September 17, 2020, the Court received a letter dated September 11, 2020 from Defendant Khaled A. Tawansy, M.D. proceeding *pro se*. (*See* ECF No. 29.) As the letter contained medical and other confidential regarding Plaintiff, the Court ordered the letter to be filed under seal. (*Id.*) Defendant Tawansy's letter dated September 11, 2020 contained information that constituted a response to the complaint, as it purported to deny Plaintiff's allegations. (ECF No. 30.) The letter also set forth Defendant Tawansy's current address as 6000 Physicians Plaza, Bakersfield, CA 93301. (*Id.*)

Accordingly, the Court entered an order on November 23, 2020, requesting that the Clerk of Court update the docket to reflect Defendant Tawansy's address and serve Defendant Tawansy with copies of the Court's order, Plaintiff's complaint, the screening order, and the Order Setting an Initial Scheduling Conference and Requiring Initial Disclosures and Scheduling Conference Statements. (ECF No. 35.) The Court further directed Defendant Tawansy to make initial disclosures within thirty (30) days. (*Id.*) The Clerk of Court served copies of the Court's orders and the complaint on Defendant Tawansy by U.S. Mail on November 23, 2020.

Defendant Tawansy failed to appear at the Initial Scheduling Conference on February 1, 2021. (ECF No. 39.) On February 5, 2021, the Court issued an order for Defendant Tawansy to show cause why he should not be sanctioned for failing to appear at the Initial Scheduling Conference and failing to comply with the Court's orders. (ECF No. 43.) The order to show cause warned Defendant Tawansy that sanctions may include striking his answer and entry of default. (*Id.*) Defendant Tawansy did not respond to the order to show cause.

Although the Marshal was previously directed to effect service on Defendant Tawansy and he appeared and filed a response to the complaint, no return of service was filed. Therefore, on March 18, 2022, the Court again directed the Marshal to serve Defendant Tawansy. (ECF No. 49.) On March 22, 2021, the Marshal filed a return of service stating that Defendant Tawansy had been personally served by leaving a copy of the summons and complaint with

2

Susan V. Webster, Practice Administrator, at 6000 Physicians Blvd., Bld. D Suite 205, Bakersfield, CA 93301. (ECF No. 51.) The Court entered an order on March 25, 2021, directing the Marshal to mail copies of the summons and complaint to Defendant Tawansy in order to effect substituted service under California law. (ECF No. 52.)

On February 1, 2021, Plaintiff filed a request that the Court enter default against Defendant Tawansy and strike his answer. (ECF No. 53.) This request also asked whether Plaintiff could file a default judgment against Defendant Tawansy. (*Id.*) On April 5, 2021, Plaintiff filed a motion requesting that default judgment be entered against Defendant Tawansy in the amount of five million dollars and that Plaintiff be given a lien on Defendant Tawansy's seven businesses, bank accounts, and home. (ECF No. 54.) The motion attached a copy of Plaintiff's Form 602 Health care Grievance Attachment as evidence of damages. (*Id.*)

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 55 provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A court may then enter default judgment following a defendant's default. *Boards of Trustees v. Energy Management*, 2012 WL 1657523 at *1 (N.D. Cal. 2012) (citation omitted). Rule 55 specifically provides that:

> (b) Entering a Default Judgment
>     (1)    By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>     (2)    By the Court. In all other cases, the party must apply to the court for a default judgement. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared personally or by a representative, that person or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>         (A)   Conduct an accounting;

(B)   Determine the amount of damages;
(C)   Establish the truth of any allegation by evidence; or
(D)   Investigate any other matter.

Whether to enter a default judgment lies within the court's discretion. *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986). The Ninth Circuit has enumerated the following factors (collectively, the *Eitel* factors) that a court may consider in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys.*, 826 F.2d at 917–18 (9th Cir. 1987). Therefore, a plaintiff requesting default judgment is required to provide proof of all damages sought in the complaint.

Finally, before awarding a default judgment against a defendant, the court must determine the adequacy of service of process, as well as the court's jurisdiction over the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

## III.   DISCUSSION

The Court will deny Plaintiff's request for entry of default. Defendant Tawansy's letter dated September 11, 2020, contained information that constituted a response to the complaint and Defendant Tawansy has accordingly appeared in the case. While the Court has issued an order to show cause why Defendant Tawansy's answer should not be stricken and default should not be entered against him, the order is still outstanding and has not yet been resolved. As explained in the Court's prior orders, the Marshal has been directed to serve Defendant Tawansy again because no return of service was filed. That process is still ongoing.

1
2
3
4
5
6
7

The Court will also deny Plaintiff's motion for default judgment without prejudice. Defendant Tawansy's default has not been entered and the motion is premature. As noted above, the Court must determine the adequacy of service of process and the Court's jurisdiction over the subject matter and the parties before entering default judgment. The Marshal is still in the process of complying with the Court's orders to serve Defendant Tawansy again. If the Court issues an order striking Defendant Tawansy's answer and entering default, Plaintiff may file a later motion for default judgment.[1]

8

## IV.   CONCLUSION AND ORDER

9

Accordingly, IT IS HEREBY ORDERED that:

10

1. Plaintiff's request for entry of default (ECF No. 53) is DENIED; and

11
12

2. Plaintiff's motion for entry of default judgment (ECF No. 54) is DENIED without prejudice.

13
14

IT IS SO ORDERED.

15

Dated:   __April 8, 2021__                              ___/s/ Erica P. Grosjean___

16

UNITED STATES MAGISTRATE JUDGE

17
18
19
20
21

22
23
24
25
26
27
28

---

[1] The Court previously advised Plaintiff that, if Defendant Tawansy's default is entered, he may file a motion for default judgment. (ECF No. 43.) The Court listed the *Eitel* factors and advised Plaintiff that any motion for default judgment should also explain why the Court should enter a separate judgment against Defendant Tawansy only. (*Id.*) Here, Plaintiff's motion does not address any of the *Eitel* factors or explain why a separate judgment should be entered against Defendant Tawansy. The motion also does not establish that Plaintiff is entitled to five million dollars in damages as requested. If Plaintiff later files a motion for default judgment, his motion should address these issues. Additionally, Plaintiff is not automatically entitled to a lien on Defendant Tawansy's property as part of any judgment and he must follow the applicable rules and procedures for enforcement of judgments after the judgment is entered. *See Ernest v. Smith,* 2008 WL 73302, at *1 (E.D. Cal. Jan. 7, 2008) (denying motion to enforce judgment as filed before entry of a final order as premature); *see also* Fed. R. Civ. P. 69 (outlining the federal procedure for the execution of money judgments); 28 U.S.C. § 1962 (incorporating state law for liens on property of judgment debtors); Cal. Code Civ. P. §§ 697.010, *et seq.* (setting forth California law regarding liens on property).