UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT TURNER,<br><br>                Plaintiff,<br><br>    v.<br><br>ANDREW ZEPP, et al.,<br><br>                Defendants. | Case No. 1:20-cv-00184-AWI-EPG (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE, DIRECTING DEFENDANT TAWANSY TO PROVIDE INITIAL DISCLOSURES<br><br>(ECF No. 43)<br><br>DISCOVERY ORDER FOR ADDITIONAL DISCLOSURES FROM ALL PARTIES |

Plaintiff Vincent Turner ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**I.    ORDER TO SHOW CAUSE**

On June 23, 2020, the Court issued an order finding service of the complaint appropriate. (ECF No. 16.) Service documents for Defendant Tawansy were forwarded to the United States Marshal Service consistent with the Court's order finding service appropriate. However, no return of service was filed.

Defendant Tawansy failed to appear at the Initial Scheduling Conference on February 1, 2021. (ECF No. 39.) On February 5, 2021, the Court issued an order for Defendant Tawansy to show cause why he should not be sanctioned for failing to appear at the Initial Scheduling Conference and failing to comply with the Court's orders. (ECF No. 43.)

1

On March 18, 2021, the Court again directed the Marshal to serve Defendant Tawansy. (ECF No. 59.) On March 22, 2021, the Marshal filed a return of service stating that Defendant Tawansy had been served by substituted service and on April 9, 2021, the Marshal filed a return of service stating that the summons and complaint had been mailed to Defendant Tawansy. (ECF Nos. 51, 56.)

On May 20, 2021, Defendant Tawansy, proceeding through counsel, filed an answer to the complaint. (ECF No. 59.)

In light of counsel's appearance in this matter, the Court will discharge the order to show cause.

## II.    DISCLOSURES AND DISCOVERY ORDERS

Now that Defendant Tawansy has appeared in the case, the Court will direct Defendant Tawansy to provide initial disclosures pursuant to the Order Setting an Initial Scheduling Conference and Requiring Initial Disclosures and Scheduling Conference Statements entered on August 28, 2020. (*See* ECF No. 26.)  Such disclosures are due 30 days from date of this order.

Counsel for Defendant Tawansy's attention is also directed to the Scheduling Order entered on February 2, 2021. (ECF No. 40.) Discovery is open in this case. If Defendant Tawansy believes that the schedule should be modified, he may file a motion with the Court. However, the Court notes that there is still substantial time left for conducting discovery.

The Court also notes that Plaintiff may request discovery from Defendant Tawansy by sending his requests to counsel for Defendant Tawansy, Jack R. Reinholtz, 310 Golden Shore, 4th Floor, Long Beach, CA 90802.

Counsel for Defendant Tawansy's attention is also directed to the Court's order entered on February 2, 2021, following the Initial Scheduling Conference directing the parties to produce any documents received from a third party. (ECF No. 42.)

In addition, in an effort to secure the just, speedy, and inexpensive disposition of this

action,[1] the Court will direct *all* parties to promptly produce Plaintiff's medical records relating to the incident and condition at issue in the case.[2]

**III.     CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The Court's order (ECF No. 43) for Defendant Tawansy to show cause why he should not be sanctioned is DISCHARGED;
2. Defendant Tawansy shall provide his initial disclosures (*See* ECF No. 26 at 2-3) within thirty (30) days of entry of this order;
3. The case proceeds according to the Schedule issued on February 2, 2021 (ECF No. 40), except that the Discovery and Status Conference was vacated. (ECF No. 47);
4. Each party has sixty days from the date of service of this order to serve opposing parties, or their counsel, if represented, with copies of the following documents and/or evidence that they have in their possession, custody, or control, to the extent the parties have not already done so:[3]
    a. All documents, including medical records, related to Plaintiff's sinus surgery on August 17, 2017, the treatment Plaintiff received on September 12, 2017, and the subsequent infection in Plaintiff's face;
5. If any party obtains documents and/or other evidence described above later in the case from a third party, that party shall provide all other parties with copies the documents and/or evidence within thirty days;
6. Parties do not need to produce documents or evidence that they have already

---

[1] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[2] Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request.").

[3] Defense counsel is requested to obtain these documents from Plaintiff's institution(s) of confinement. If defense counsel is unable to do so, defense counsel should inform Plaintiff that a third party subpoena is required.

3

produced;

7. Parties do not need to produce documents or evidence that were provided to them by the opposing party; and

8. Parties may object to producing any of the above-listed documents and/or evidence. Objections shall be filed with the Court and served on all other parties within thirty days from the date of service of this order (or within thirty days of receiving additional documents and/or evidence). The objection should include the basis for not providing the documents and/or evidence. If Defendant(s) object based on the official information privilege, Defendant(s) shall follow the procedures described in the Court's scheduling order. If a party files an objection, all other parties have fourteen days from the date the objection is filed to file a response. If any party files a response to an objection, the Court will issue a ruling on the objection.

IT IS SO ORDERED.

Dated: **May 24, 2021**

/s/ *Erin P. Grosjean*
UNITED STATES MAGISTRATE JUDGE