UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT TURNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW ZEPP, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00184-AWI-EPG (PC)<br><br>ORDER ADDRESSING LETTER FROM PLAINTIFF<br><br>(ECF No. 66) |

Plaintiff Vincent Turner ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On September 9, 2021, Plaintiff filed a letter regarding various issues, concluding with a request for appointment of counsel. (ECF No. 66.)

**I.     PLAINTIFF'S LETTER**

On September 9, 2019, Plaintiff filed an unsigned[1] and undated letter raising a number of issues. (ECF No. 66.) In his letter, Plaintiff states:

> I would Like to know. Is the court Judge fully aware of Everything that ahs been going on? Also is he aware of my request for a Attorney? And that I was denied. See the Magistrate isn't what I had requested. I signed for a Judge and Jury.

(ECF No. 66 at 1.) Additionally, as to Defendant Tawansy, Plaintiff states:

---

[1] Plaintiff has submitted unsigned motions on numerous other occasions. (*See, e.g.*, ECF Nos. 46, 53, 54, 62, 66.) Under Federal Rule of Civil Procedure 11 and Local Rule 131, all pleadings and non-evidentiary documents, including motions, must be signed. Plaintiff is reminded to sign all future motions filed with the Court.

1

> And I am fully aware of Doctor Tawansy's violations. Not mistakes. He felt that he could do whatever he wanted. He wasn't going to get into trouble or receive any type of penalty. Which he didn't. he was giving – awarded more time. Everything he's doing now was suppose to had been done. Tawansy violated every order and was clearly aware of what he was doing.

(*Id.*) Plaintiff explains that he requested a judge and got a magistrate who let the defendant get away with violating Plaintiff's rights and violating court orders. (*Id.*) Defendant Tawansy "slipped away" from being defaulted even when he was beyond the 21 days he was given. (*Id.*) If Plaintiff would have done any of that, the courts would have dismissed his case. (*Id.*) This "brings to light" that there is "Bias against prisoners or Just me." (*Id.*) Plaintiff asks that Defendant Tawansy pay a penalty to Plaintiff in the amount of $15,000.00 for his failures. (*Id.*) Plaintiff concludes by requesting a lawyer be appointed for him. (*Id.* at 2.)

## II.     DISCUSSION

### A.     Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims. Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

### B. Other Issues

Although Plaintiff does not request any other specific relief, he raises a number of other issues in his letter.

Notably, Plaintiff indicates that he did not consent to magistrate judge jurisdiction. This case is assigned to a district judge, in addition to a magistrate judge, and will be tried by a jury if it proceeds to trial.

However, this case is designated as a prisoner civil rights case and therefore all motions and matters are referred to a magistrate judge. *See* 28 U.S.C. § 636(b)(1)(A), (b)(3); E.D. Cal. L.R. 302(c)(17). The magistrate judge will issue findings and recommendations regarding any dispositive matters that could dispose of all or part of the case, such as motions for summary judgment. Those findings and recommendations will be submitted to the district judge assigned to the case for review, and the parties will have an opportunity to file written objections. *See* Fed. R. Civ. P. 72 (b). Any non-dispositive matters, such as discovery disputes and case scheduling, will be decided by the magistrate judge with a direct order. The parties may also file written objections to a magistrate judge's order on a non-dispositive matter within fourteen days of being served with the order. *See* Fed. R. Civ. P. 72(a). The assigned district judge will consider those objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. *Id.*

Additionally, there have not been any rulings on the facts of this case yet. If Defendants move for summary judgment, Plaintiff will have an opportunity to submit evidence of the facts in this case. If the case goes to a jury, Plaintiff will present evidence to the jury.

### III. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's motion to appoint counsel (ECF No. 66) is DENIED.

IT IS SO ORDERED.

Dated: **September 13, 2021**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

3