UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT TURNER,<br><br>            Plaintiff,<br><br>     v.<br><br>ANDREW ZEPP, et al.,<br><br>            Defendants. | Case No. 1:20-cv-00184-AWI-EPG (PC)<br><br>ORDER REQUIRING DEFENDANT KHALED A. TAWANSY TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO COMPLY WITH COURT ORDERS<br><br>**FOURTEEN (14) DAY DEADLINE** |

 Plaintiff Vincent Turner ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

 On May 24, 2021, the Court entered an order which, among other things, directed Defendant Khaled A. Tawansy to provide initial disclosures and produce certain documents within thirty days. (ECF No. 61.) On July 19, 2021, Plaintiff filed a motion to compel stating that he had not received initial disclosures or discovery from Defendant Tawansy pursuant to the Court's order entered May 24, 2021. (ECF No. 62.) On July 21, 2021, the Court entered an order directing Defendant Tawansy to respond to Plaintiff's motion to compel within twenty-one days from the date of service. (ECF No. 63.) On July 28, 2021, Defendant Tawansy filed a copy of his initial disclosures. (ECF No. 64.)

 On August 30, 2021, the Court entered an order granting Plaintiff's motion to compel in part and denying it in part. (ECF No. 67.) Because Defendant Tawansy filed a proof of service

1

stating that his initial disclosures were served on Plaintiff, the Court denied Plaintiff's motion as moot to the extent it sought to compel Defendant Tawansy to provide initial disclosures. (*Id.*) However, because Defendant Tawansy did not indicate whether or not he had produced the documents he was previously ordered to produce and did not otherwise respond to the motion to compel, the Court granted Plaintiff's motion as to those documents. (*Id.*) Defendant Tawansy was ordered to produce the documents identified in the Court's order entered May 24, 2021, and to file proof of service with the Court within thirty days. (*Id.*)

More than thirty days have elapsed since the Court's order on Plaintiff's motion to compel and, to date, Defendant Tawansy has not filed a proof of service or any other document certifying that he has complied with the Court's orders and served Plaintiff with the documents described in the Court's May 24, 2021 order.

"District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (citing *Link v. Wabash Railroad Co.,* 370 U.S. 626 (1961)); *see also TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916–17 (9th Cir. 1987) ("Courts have inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abusive litigation practices") (citations omitted). Local Rule 110 also provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court may strike a defendant's answer and enter default as a sanction for failure to comply with its orders. *See, e.g., Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (upholding a district court's entry of default as a sanction); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (finding that a district court properly struck a defendant's answer and entered default as a sanction). The Court considers five factors before declaring a default: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hester v. Vision*

*Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (citing *Dreith*, 648 F.3d at 788).

Accordingly, Defendant Khaled A. Tawansy is HEREBY ORDERED TO SHOW CAUSE why sanctions should not issue for his failure to comply with the Court's orders. Sanctions may include monetary sanctions and/or a recommendation that Defendant Tawansy's answer be stricken and the Clerk of Court enter his default. Defendant Tawansy shall file a written response to this order to show cause within **fourteen (14) days** of service of this order.

**Failure to respond to this order may result in the imposition of sanctions, including monetary sanctions and/or a recommendation that Defendant Tawansy's answer be stricken and the Clerk of Court enter his default.**

IT IS SO ORDERED.

Dated:   **October 5, 2021**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE