UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT TURNER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ANDREW ZEPP, et al.<br><br>　　　　　Defendants. | Case No. 1:20-cv-00184-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 90) |

Plaintiff Vincent Turner is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 3, 2022, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 90.) Plaintiff's motion states:

> Motion request for an attorney on grounds I am under the American's Disability act. I have a reading and spelling disability. Enclosed is evidence stating my tabe score.
> I am requesting a lawyer or for the ongoing upcoming issues be addressed by conversation over the phone.
> If I don't respone to any of the Defendants issues I'm sure it shouldn't be a problem. It's been done many of times by Dr. Khaled A. Tawansy and his case has not been dismissed. I'm more then sure it's okay.

(*Id.*) Plaintiff also attaches copies of two documents he describes as his reading scores. (*Id.*)

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent plaintiff pursuant to 28

1

U.S.C. § 1915(e)(1), *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims. However, Plaintiff is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.[1]

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel (ECF No. 90) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **February 11, 2022**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants Zepp and Tawansy have each filed motions for summary judgment. (ECF Nos. 72, 74.) Plaintiff is reminded that, as explained in the *Rand* warnings accompanying Defendant Zepp and Tawansy's motions for summary judgment, Federal Rule of 56 explains what he must do in order to oppose summary judgment. (*See* ECF Nos. 72-4, 74-2.) If Plaintiff does not respond to the issues raised in Defendants' motions, then summary judgment, if appropriate, may be entered against Plaintiff. (*See id.*) Although Plaintiff has filed several documents opposing Defendants' motions for summary judgment (*see* ECF Nos. 78, 91-95), if Plaintiff believes he needs additional time to oppose Defendants' motions he should promptly file a request for leave to file additional briefing and explain the basis for his request.