UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT TURNER,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDREW ZEPP, et al.,<br><br>        Defendants. | Case No. 1:20-cv-00184-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS REQUESTING MISCELLANEOUS RELIEF<br><br>(ECF Nos. 77, 79, 80, 81, 85, 96, 97, 100)<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE SUPPLEMENTAL BRIEFING IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT<br><br>THIRTY (30) DAY DEADLINE |

Plaintiff Vincent Turner is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.  BACKGROUND

### A.  Screening, Service, and Scheduling Order

Plaintiff filed a complaint against Defendants Andrew Zepp and Khaled A. Tawansy ("Defendants") on January 31, 2020. (ECF No. 1.) The complaint alleges that, following sinus surgery, he told Defendant Zepp he was experiencing pain and needed to be seen right away. (*Id.*) Plaintiff did not receive treatment for several days, resulting in a significant infection, pain, swelling, permanent injury, and loss of facial bone. (*Id.*)

On June 23, 2020, the Court issued a screening order finding that the complaint stated a cognizable claim against Defendants for deliberate indifference to serious medical needs in

violation of the Eighth Amendment. (ECF No. 15.) The same day, the Court issued an order finding service of the complaint appropriate. (ECF No. 16.) The Court ordered service to proceed under the Court's E-Service pilot program and, on June 30, 2020, the California Department of Corrections returned a notice of intent not to waive service as to Defendant Tawansy. (ECF No. 19.) Service documents for Defendant Tawansy were forwarded to the United States Marshal Service consistent with the Court's service order.

On August 28, 2020, the Court entered an order setting a mandatory Initial Scheduling Conference and directing the parties to exchange initial disclosures. (ECF No. 26.) On September 17, 2020, the Court received a letter dated September 11, 2020, from Defendant Tawansy appearing *pro se*. (ECF No. 29.) The letter contained information that constituted a response to the complaint and also set forth Defendant Tawansy's current address. (*Id.*) The Court entered an order on November 23, 2020 which, among other things, directed the Clerk of Court to update the docket and serve Defendant Tawansy with the Court's August 28, 2020 order, and further extended the deadline for Defendant Tawansy to provide his initial disclosures. (*Id.*)

**B.  First Order to Show Cause Re: Defendant Tawansy and Plaintiff's Motion for Default Judgment**

On February 1, 2021, the Court held an Initial Scheduling Conference. (ECF No. 39.) Plaintiff attended telephonically, and Defendants failed to appear. (*Id.*). During the conference, the Court explained that it would issue an order to show cause and give Defendants a chance to explain why they did not appear. The Court also explained that discovery was open, described the types of discovery available to the parties and the process for Plaintiff to obtain third party subpoenas, and discussed the deadlines to complete non-expert discovery and to file motions to compel.[1] The Court entered a Scheduling Order on February 2, 2021, which set forth the deadlines of July 19, 2021 for filing motions to compel and October 2, 2021 for completing non-expert discovery. (ECF No. 40.)

On February 5, 2021, the Court issued an order to show cause why Defendant Tawansy should not be sanctioned.[2] (ECF No. 43.) Defendant Tawansy was cautioned that sanctions could

---

[1] This transcription is unofficial and based on the audio file, which is available to the parties upon request.

[2] The Court issued an order for Defendant Zepp's counsel to show cause why he should not be sanctioned on February 2, 2021, and Defendant Zepp's counsel filed a written response on February 5, 2021. (ECF Nos. 41, 44.)

include a recommendation that his answer be stricken and default be entered against him. (*Id.*) Defendant Tawansy did not respond to the order to show cause.

Although the Marshal was previously directed to effect service on Defendant Tawansy, no return of service was filed. (*See* ECF No. 16.) Thus, on March 18, 2021, the Court directed the Marshal to again serve Defendant Tawansy with the summons and complaint. (ECF No. 49; *see also* ECF No. 52.)

On April 1, 2021, Plaintiff filed a request that the Court enter default against Defendant Tawansy and strike his answer. (ECF No. 53.) On April 5, 2021, Plaintiff filed a motion requesting that default judgment be entered against Defendant Tawansy (ECF No. 54.) The Court entered an order on April 8, 2021, denying Plaintiff's request for entry of default and motion for default judgment. (ECF No. 55.) The Court explained that it was required to determine whether Defendant Tawansy was properly served with the summons and complaint before entering default judgment. (*Id.*) As explained in the Court's prior orders, no return of service had been filed for Defendant Tawansy and the process of serving him again was still ongoing. (*Id.*) However, Plaintiff was advised that, if an order issued striking Defendant Tawansy's answer and entering default, Plaintiff could file a later motion for default judgment. (*Id.*)

The Marshal filed a return of service on April 16, 2021, and Defendant Tawansy, appearing through counsel, filed an answer on May 20, 2021. (ECF Nos. 58, 59.) In light of counsel's appearance in the matter, on May 24, 2021, the Court discharged the order to show cause as to Defendant Tawansy and further directed him to provide initial disclosures and produce specified categories of documents. (ECF No. 61.)

**C.     Second Order to Show Cause Re: Defendant Tawansy**

On July 19, 2021, Plaintiff filed a motion to compel stating that he had not received initial disclosures or documents from Defendant Tawansy pursuant to the Court's May 24, 2021 order. (ECF No. 62.) On July 21, 2021, the Court entered an order directing Defendant Tawansy to respond to Plaintiff's motion to compel. (ECF No. 63.) On July 28, 2021, Defendant Tawansy filed a copy of his initial disclosures and a proof of service stating they were served on Plaintiff

---

The order to show cause as to Defendant Zepp's counsel was discharged on February 8, 2021. (ECF No. 45.)

3

by U.S. Mail the same day. (ECF No. 64.) On August 30, 2021, the Court entered an order denying Plaintiff's motion as to the initial disclosures. (ECF No. 65.) Because Defendant Tawansy's response did not address whether he had produced the documents he was ordered to produce, the Court directed Defendant Tawansy to certify his compliance with the May 24, 2021 order. (*Id.*) Defendant Tawansy failed to file the requested certification by the applicable deadline.

On October 5, 2021, the Court entered an order requiring Defendant Tawansy to show cause why he should not be sanctioned for failure to comply with the Court's orders. (ECF No. 69.) On October 11, 2021, Defendant Tawansy's counsel filed a declaration representing that Defendant Tawansy was not in possession of all the documents described in the May 24, 2021 order at the time Defendant Tawansy filed his initial disclosures. (ECF No. 70.) Defendant Tawansy subsequently obtained more than 6,000 pages of documents and produced them to Plaintiff concurrently with counsel's declaration. (*Id.*) In light of Defendant Tawansy's counsel's declaration, the Court discharged the order to show cause on October 19, 2021. (ECF No. 71.)

**D.     Defendants' Motions for Summary Judgment**

On October 28, 2021, Defendant Tawansy filed a motion for summary judgment. (ECF No. 72.) On November 1, 2021, Defendant Zepp filed a motion for summary judgment. (ECF No. 74.) Defendants argue that Plaintiff cannot establish that they were deliberately indifferent to a serious medical need. (*See* ECF Nos. 72, 74.)

On November 12, 2021, Plaintiff filed a document titled "Plaintiff Defense Against the Summary Judgment." (ECF No. 78.) This document referred to Defendant Zepp at various points, but it was very brief and was unsigned. (See *id.*) Because it was not clear to the Court whether this document was responsive to either of Defendants' motions for summary judgment, on December 13, 2021, the Court entered an order directing Plaintiff to file oppositions or statements of non-opposition to Defendants' motion for summary judgment. (ECF No. 83.)

On January 3, 2022, and January 6, 2022, Plaintiff filed various documents in response to Defendants' motions for summary judgment. (ECF Nos. 91-95.) Plaintiff generally argues that he contacted Dr. Zepp on or near September 9, 2017, with reports of extreme pain but was not provided treatment until September 12, 2021. (*See id.*)

4

Neither Defendant has filed a reply in support of their motion for summary judgment.

## II. PLAINTIFF'S MOTIONS

On November 8, 2021, Plaintiff filed an unsigned[3] motion requesting that sanctions be entered against Defendant Tawansy. (ECF No. 77.) Plaintiff's motion states that he has not received any medical documents from Defendant Tawansy's counsel. (*Id.*) Additionally, Plaintiff requested a history of lawsuits against Dr. Tawansy, and those "lawsuit documents" have not been provided. (*Id.*) Plaintiff then lists various filings in the case that he believes Defendant Tawansy has not followed. (*Id.*) Plaintiff states that he has not received any documents from Defendant Tawansy's counsel. (*Id.*) Plaintiff believes that the Court has been "bias[ed]" and "prejudice[d]" in favor of Defendant Tawansy. (*Id.*)

On November 19, 2021, Plaintiff filed an unsigned motion requesting that default be entered against Defendant Tawansy for failure to appear and failure to comply with court orders. (ECF No. 79.) Plaintiff states that he has enclosed a few of the violations where there has been prejudice or bias because the Court never entered Defendant Tawansy's default or sanctioned him. (*Id.*) Plaintiff attaches copies of the Court's orders entered on October 19, 2021, April 8, 2021, and February 5, 2021. (*Id.*)

On November 19, 2021, Plaintiff also filed a separate motion requesting phone records for D-Yard medical from Defendant Zepp. (ECF No. 80.) In this motion, Plaintiff explains that he has requested phone records for 9/8/17, 9/9/17, and 9/12/17 because Plaintiff contends that he had conversations with his mother and an ADA worker about his eye on these dates. (*Id.*)

On November 22, 2021, Plaintiff filed a motion to compel Defendant Tawansy to produce phone records for the year 2017, and specifically for 8/8/17, 8/9/17, 8/25/17, 9/8/17, 9/9/17 for calls that came from KVSP in Delano. (ECF No. 81.) Additionally, Defendant Tawansy has not produced a history of old and new lawsuits against him. (*Id.*)

On December 14, 2021, Defendant Tawansy filed an opposition to Plaintiff's motion to compel. (ECF No. 84.) Defendant Tawansy included reproductions of Plaintiff's document requests and his response. (*Id.*) Defendant Tawansy opposed Plaintiff's motion to compel him to

---

[3] As the Court has reminded Plaintiff on at least two occasions, Federal Rule of Civil Procedure 11 and Local Rule 131 require all pleadings and non-evidentiary documents, including motions, to be signed. (*See* ECF No. 65, 82.)

produce phone records and a history of lawsuits against him on the grounds that the documents do not exist or are not in Defendant Tawansy's possession, custody, or control. (*Id.*)

On December 24, 2021, Defendant Zepp filed an opposition to the motion to compel likewise providing his response to Plaintiff's request for phone records. (ECF No. 89.) Defendant Zepp explained that the phone calls at issue are not recorded and Defendant Zepp is unable to comply with the request because he has nothing to produce. (*Id.*)

On December 20, 2021, Plaintiff filed an unsigned motion requesting to depose Defendant Zepp by oral examination. (ECF No. 85.) The motion states that Plaintiff would like to question Defendant Zepp and contains excerpts from Federal Rule of Civil Procedure 30. (*Id.*)

On January 21, 2022, Plaintiff field a motion requesting that default judgment be entered against Defendant Tawansy. (ECF No. 96.) Plaintiff states that Dr. Tawansy made Plaintiff's condition worse by failing to see him. (*Id.*) Plaintiff is a diabetic and falls under the ADA, and "even an average person on the street would easily recognize the necessity for a Doctor's attention." (*Id.*) Plaintiff cites to the Eighth Amendment, the Fourteenth Amendment, and the ADA. (*Id.*)

On January 21, 2022, Plaintiff filed a notice titled "Proof and Document Evidence I the Plaintiff Vincent Turner Have no Way to View said D.V.D. Dis. That I was suppose to view." (ECF No. 97.) In this notice, Plaintiff states:

> I am a state prisoner and have no way to Respone to said Questions. – Resposes to Defendant. Do to me not being able to view the D.V.D. Enclosed are supporting prison documents. I've tried many of times to view the Dis.

(*Id.*) Plaintiff attaches two inmate requests for interview forms indicating that Plaintiff requested to view a DVD as part of a legal matter in January of 2022 and was told that the disc is contraband and the institution does not have an area to view it. (*Id.*)

On February 11, 2021, the Court entered an order directing Defendants to file responses to Plaintiff's notice. (ECF No. 99.) Specifically, the Court ordered Defendants to address "whether they produced documents to Plaintiff on a CD or DVD, whether they are aware of Plaintiff's ability to view that material, and whether those documents can be produced in another format."

1   (*Id.*)

2   On February 18, 2022, Plaintiff filed a document titled "Motion: Requesting a court order.
3   To view Dis. D.V.D. I was sent to view as part of this case By Attorney for Dr. Khaled A.
4   Tawansy." (ECF No. 100.) Plaintiff states that he received a DVD video and has tried many times
5   to view it but the law library does not have a DVD player. (*Id.*) Plaintiff has been given the
6   runaround and has not had a chance to view the DVD, so he is unable to respond to "some of the
7   Attorney's Motions." (*Id.*)

8   On February 22, 2022, Defendant Zepp filed a response confirming that he had not
9   produced any documents to Plaintiff on a CDC, DVD, or in any other digital format. (ECF No.
10  101.) On February 25, 2022, Defendant Tawansy filed a response stating that he produced copies
11  of Plaintiff's patient chart on a CD, but was unaware that Plaintiff was unable to access this
12  format. (ECF No. 102.) Defendant Tawansy produced a paper copy of these documents to
13  Plaintiff concurrently with his response. (*Id.*)

### III. DISCUSSION

#### A. Motions for Reconsideration

1. Legal Standards

Under Federal Rule of Civil Procedure 60(b),

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Under Rule 60(b)(6), plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (citation and internal quotation marks omitted). Additionally, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest

7

injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (citation and internal quotation marks omitted).

2. Discussion

Several of Plaintiff's motions seek sanctions, entry of default, and/or default judgment against Defendant Tawansy for his failure to comply with court orders. (ECF Nos. 77, 79, 96.) With the exception of Plaintiff's allegation that he has not received the documents described in Defendant Tawansy's counsel's October 11, 2021 declaration, which is discussed further below, Plaintiff only identifies Dr. Tawansy's failures to comply with court orders that have already been addressed by the Court. Thus, the Court construes these requests as motions for reconsideration of 1) the April 8, 2021 order denying Plaintiff's request for entry of default and default judgment; 2) the May 24, 2021 order discharging the order to show cause as to Defendant Tawansy; and 3) the October 19, 2021 order discharging the order to show cause as to Defendant Tawansy.[4] (*See* ECF Nos. 55, 61, 71.)

Plaintiff has failed to set forth facts or law that show that he meets any of the above-mentioned reasons for granting reconsideration. The Court's order denying Plaintiff's requests for default and entry of default judgment explained that the Court was unable to enter default judgment against Defendant Tawansy without a showing that he was properly served with the summons and complaint. (ECF No. 55.) *See Johnson v. Eid,* 2012 WL 11158853, at *3 (E.D. Cal. Apr. 6, 2012) ("[A] court must first assess the adequacy of the service of process on the party against whom default judgment is requested.") (quotation marks and citation omitted). Because the Marshal did not file a return of service showing that Defendant Tawansy was properly served, the Court ordered the Marshal to serve Defendant Tawansy again. Once that occurred, Defendant Tawansy appeared through counsel and participated in the case. Plaintiff therefore was not entitled to entry of default or default judgment against Defendant Tawansy.

---

[4] To the extent Plaintiff's January 21, 2022 motion is intended to be a renewed request for entry of default judgment against Defendant Tawansy (*see* ECF No. 96), it is subject to denial because Defendant Tawansy is not in default. *See Morris v. Fresno Police Dept.,* 2010 WL 2719826, at *1 (E.D. Cal. July 6, 2010) ("Obtaining a default judgment in federal court is a two-step process that includes: (1) entry of default and (2) default judgment.") (citing *Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir. 1986)). Additionally, Plaintiff has not addressed any of the relevant factors for granting default judgment, provided proof of his damages, or explained why a separate judgment should be entered against Defendant Tawansy. *Eitel,* 782 F.2d at 1471-72; Fed. R. Civ. P. 54(b). (*See* ECF Nos. 43, 55, 96.)

Additionally, both the February 5, 2021 and October 5, 2021 orders to show cause issued to Defendant Tawansy were discharged either because Defendant Tawansy demonstrated that he complied with the Court's orders or because the failure to comply was adequately explained by the issues with service of the summons and complaint described above. As the Court noted in the February 5, 2021 and October 5, 2021 orders to show cause, the imposition of sanctions is within the Court's discretion. Under the circumstances, the Court declined to sanction Defendant Tawansy and instead discharged the orders to show cause.

Plaintiff has not presented newly discovered evidence, demonstrated that the Court committed clear error, or cited to an intervening change in controlling law. Instead, Plaintiff merely raises arguments that were, or could have been, raised previously. Accordingly, the Court will deny Plaintiff's requests for reconsideration of the Court's April 8, 2021, May 24, 2021, and October 19, 2021 orders.

**B.     Motions Re: DVD Evidence and Request for Sanctions for Failure to Comply with May 24, 2021 Order**

1. Legal Standards

"[I]t is firmly established that [t]he power to punish for contempts is inherent in all courts. This power reaches both conduct before the court and that beyond the court's confines, for [t]he underlying concern that gave rise to the contempt power was not…merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (alterations in original) (citations and internal quotation marks omitted). "Before awarding sanctions under its inherent powers, however, the court must make an explicit finding that [the] conduct 'constituted or was tantamount to bad faith.'" *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980); *Knupfer v. Lindblade* (*In re Dyer*), 322 F.3d 1178, 1196 (9th Cir. 2003). Additionally, "inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

2. Discussion

Plaintiff indicates that he has not received any of the documents described in Defendant Tawansy's counsel's declaration filed on October 11, 2021. (ECF No. 77.) Plaintiff appears to be

requesting sanctions against Defendant Tawansy for this failure to comply with the Court's May 24, 2021 order. (*See id.*) Additionally, on January 28, 2022, and February 18, 2022, Plaintiff filed documents stating that he received a DVD from Defendant Tawansy's counsel and was unable to view it. (ECF Nos. 97, 100.)

Defendant Tawansy's counsel previously filed a declaration stating that he produced the documents that the Court ordered him to produce in the May 24, 2021 order. (*See* ECF No. 70.) Defendant Tawansy's counsel has also provided a declaration stating that Plaintiff's patient chart was produced on a CD but counsel was not aware Plaintiff was not able to view the documents in this format. (ECF No. 102.) Defendant Tawansy produced the documents again in paper format on February 25, 2022. (*Id.*)

There is no indication that Defendant Tawansy was acting in bad faith. Instead, it appears that Defendant Tawansy attempted to comply with the May 24, 2021 order, with the mistaken belief that Plaintiff could access documents on CD. In these circumstances, the Court declines to impose sanctions. Further, because the documents have now been produced again in paper format, Plaintiff's motions requesting an order regarding his DVD access are denied as moot.

However, the Court notes that Plaintiff states that he is unable to respond to "some of the Attorney's Motions" because he could not access the documents produced on CD. (ECF No. 100.) The only motions currently pending before the Court that were filed by Defendants are their motions for summary judgment. Because the documents that Defendant Tawansy recently produced in paper format may be relevant to Plaintiff's opposition and Plaintiff previously was not able to access them,[5] the Court will give Plaintiff an opportunity to file further briefing in opposition to Defendants' motions for summary judgment.

**C.     Motions to Compel**

1.     Legal Standards

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir.

---

[5] Where the party opposing a motion for summary judgment cannot present facts essential to his opposition of the motion, a court may deny or defer consideration of the motion, allow time to obtain affidavits or declarations or to take discovery, or issue any other appropriate order. Fed. R. Civ. P. 56(d).)

2011)). The Court is explicitly authorized to establish schedules and deadlines to limit the time to complete discovery and file motions. Fed. R. Civ. P. 16(b)(3); *Wong v. Regents of the Univ. of California,* 410 F.3d 1052, 1060 (9th Cir. 2006). The deadlines set forth in the scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* G*reen Aire for Air Conditioning W.L.L. v. Salem,* 2020 WL 58279, at *3 (E.D. Cal. Jan. 6, 2020) ("Requests to modify a scheduling order are governed by Rule 16(b)(4), which provides that a court may modify a scheduling order 'only for good cause.'"). Good cause requires a showing of due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Sprague v. Fin. Credit Network, Inc.*, 2018 WL 4616688, at *4 (E.D. Cal. Sept. 25, 2018) ("[Good cause] requires the party to show that despite due diligence the scheduled deadline could not be met."). Absent a showing of good cause, motions filed after a deadline set forth in a scheduling order may be denied as untimely. *Britz Fertilizers v. Nationwide Agribusiness Ins. Co.*, 2013 WL 2100540, at *1 (E.D. Cal. May 14, 2013) (citing *Johnson*, 975 F.2d at 608-609).

A party responding to a discovery request must provide all responsive information that is in that party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The party propounding discovery may seek an order to compel responses when the opposing party fails to respond or has provided evasive and incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the party believes the response is deficient; (4) why any objections are not justified; and (5) why the information sought through discovery is relevant to the prosecution of this action. *Haraszewski v. Knipp*, 2020 WL 4676387, at *3 (E.D. Cal. Aug. 12, 2020); *McCoy v. Ramirez*, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

2. Discussion

Plaintiff's motions indicate that he seeks an order compelling the production of phone records and a history of lawsuits against Defendant Tawansy.[6] (ECF Nos. 77, 80, 81.) Specifically Plaintiff requested that Defendant Tawansy produce 1) "Phone Records" for the year 2017 and

---

[6] Plaintiff's requests for sanctions for failure to produce these documents are construed as motions to compel. (*See* ECF No. 77.)

11

the dates 8/8/17, 8/9/17, and 9/9/17 that came from D-Yard at KVSP in Delano; and 2) a history of lawsuits, old and new, against Defendant Tawansy. (ECF No. 84.) Plaintiff requested that Defendant Zepp produce "recorded calls" between Defendant Zepp and Defendant Tawansy. (ECF No. 89.) For the following reasons, the Court will deny Plaintiff's motions to compel.

First, Plaintiff has not shown that the requested documents exist and are in Defendants' possession, custody, or control. *U.S. v. Int'l Union of Petroleum & Indus. Workers,* 870 F.2d 1450, 1452 (9th Cir. 1989) ("The party seeking production of the documents…bears the burden of proving that the opposing party has such control.") Defendants state that they cannot comply with Plaintiff's requests because the information either does not exist or is not in their possession, custody, or control. Defendant Tawansy's responses included an affirmation that he conducted a "diligent search and reasonable inquiry" for the responsive documents. (ECF No. 84.) Defendant Zepp's response explained that he did not have the requested recorded calls because those calls are not recorded. (ECF No. 89.) Plaintiff has not filed a motion for issuance of a subpoena, and the Court cannot compel Defendants to produce information that either does not exist or is outside their possession, custody, or control. *See Rogers v. Giurbino,* 288 F.R.D. 469, 485 (S.D. Cal. 2012) ("A party … is not required to create a document where none exists.") (citations omitted).

Second, Plaintiff has not met his burden of explaining how the information he seeks is relevant to his claims. This case concerns Defendants' treatment of Plaintiff following his sinus surgery and whether Defendants' alleged failure to provide treatment immediately when Plaintiff complained of pain to Defendant Zepp amounted to deliberate indifference. The "history of lawsuits" against Dr. Tawansy has no bearing on whether either of the Defendants were deliberately indifferent to Plaintiff's serious medical needs in this case. *See* Fed. R. Evid. 404(b)(1) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."); *Samuels v. Adame,* 2011 WL 456772, at *5 (E.D. Cal. Sept. 29, 2011) (denying motion to compel documents related to prior lawsuits because they were not relevant to the plaintiff's § 1983 claims); *Tate v. Cate,* 2011 WL 5024439, at *2 (E.D. Cal. Oct. 20, 2011) (same); *Wheeler v. Alison,* 2015 WL 269148, at *4 (E.D. Cal. Jan. 21, 2015) (same); *see also Salinas v. Wang,* 2021 WL 1060160, at *1 (E.D. Cal. Mar. 18, 2021) ("As a general matter, third-

party prisoner complaints in deliberate indifference cases are not relevant to whether a defendant as deliberately indifferent to plaintiff, and they are likely inadmissible and of limited probative value."). Additionally, the phone records Plaintiff seeks may establish that a call was made but would not show what was said during that call, which is the critical issue in this case. Thus, the phone records do not bear on the material issues of this case.

Third, Plaintiff's motions to compel are untimely. Plaintiff did not file his motions to compel until November of 2021. (*See* ECF Nos. 77, 80, 81.) Non-expert discovery opened on December 9, 2020, and closed on October 1, 2021. (ECF No. 40.) Motions to compel were due by July 19, 2021. (*Id.*) The Court explained the motion to compel and non-expert discovery deadlines to Plaintiff at the Initial Scheduling Conference on December 9, 2020, and in the Scheduling Order. (*See id.*) The Scheduling Order also included a statement that untimely motions to compel would not be permitted absent good cause. (*Id.* at 5.) Plaintiff has not provided any explanation as to why his motions to compel were filed after the motion to compel deadline. (*See* ECF Nos. 77, 80, 81.) Plaintiff therefore has not shown diligence in pursuing the written discovery at issue within the time provided by the Scheduling Order and has not established good cause of his failure to comply with the motion to compel deadline. Thus, the motions are subject to denial as untimely.[7]

For these reasons, Plaintiff's motions to compel Defendant Zepp to produce recorded calls and to compel Defendant Tawansy to produce phone records and a history of lawsuits are denied.

### D. Motion for Deposition

Plaintiff requests an order allowing him to depose Defendant Zepp. (ECF No. 85.) Plaintiff's motion is brief and solely states that Plaintiff would like to question Defendant Zepp,

---

[7] As discussed above, the Court will grant Plaintiff leave to file additional briefing in opposition to Defendants' motions for summary judgment due to the timing of Defendant Tawansy's production of Plaintiff's patient chart in paper format. However, the Court finds that Plaintiff is not entitled to relief under Rule 56(d) on the basis of his requests for the history of lawsuits, phone records, or recorded calls because Plaintiff has not shown that discovery of this information would reveal any specific facts that would preclude summary judgment. Defendant Zepp has represented that the recorded calls do not exist, and Plaintiff has not shown that they do. *See Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995) ("The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists."). Additionally, the history of lawsuits against Defendant Tawansy have no relevance to the issues in this case, and the phone records do not bear on the critical issue of what was said during the calls. Thus, Plaintiff has not shown that he is unable to present facts essential to his opposition to Defendants' motions for summary judgment as required by Rule 56(d).

13

then cites to Federal Rule of Civil Procedure 30. (*Id.*)

The Court will deny Plaintiff's motion. As noted above, non-expert discovery concluded on October 1, 2021, and the motion to compel deadline lapsed on July 19, 2021. Plaintiff's motion requesting to depose Defendant Zepp was not filed until December 20, 2021, and Plaintiff has not explained why he was unable to comply with the applicable deadlines. (*See* ECF No. 85.) Thus, for the same reasons discussed above, Plaintiff's motion is untimely and will be denied on that basis.[8]

### IV.    CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for reconsideration (ECF Nos. 77, 79, 96), for sanctions (ECF No. 77), for an order regarding DVDs (ECF Nos. 97, 100), to compel production of documents (ECF Nos. 77, 80, 81), and to compel Defendant Zepp's deposition (ECF No. 85) are DENIED; and

2. Within thirty (30) days of entry of this order, Plaintiff may file supplemental briefing in support of his oppositions to Defendants' motions for summary judgment. Plaintiff's supplemental briefing shall not exceed a total of twenty (20) pages in length, excluding exhibits.[9]

\\\
\\\
\\\
\\\
\\\

---

[8] Although the motion is subject to denial on this basis, the Federal Rules of Civil Procedure govern the manner in which depositions may be taken, either by oral or written questions. *See* Fed. R. Civ. P. 30, 31. While the Scheduling Order requires Plaintiff to obtain leave of court before deposing other incarcerated individuals, Defendants are not incarcerated and a court order is not necessarily required before Plaintiff may depose them. (*See* ECF No. 40.) Rule 30 governs the procedures for depositions by oral examination and explains the steps a party must take to depose another party. Among other things, requires the party noticing the deposition must bear the costs of recording and to arrange for an officer to conduct the deposition. Fed. R. Civ. P. 30(b)(3)(A), (5)(A). Plaintiff's *in forma pauperis* status does not entitle him to a waiver of any of the costs associated with the deposition, and Plaintiff must pay the necessary deposition officer fee, court reporter fee, and costs for a transcript. *Griffin v. Johnson,* 2016 WL 4764670, at *2 (E.D. Cal. Sept. 12, 2016).

[9] If Plaintiff needs additional time to file his opposition or would like to file briefing in excess of these page limits, he should file a signed motion explaining the reasons for his request before the deadline expires.

1       Defendants may each file a reply in support of their motion within seven (7) days after
2 Plaintiff's supplemental briefing is filed.

IT IS SO ORDERED.

Dated: **March 7, 2022**            /s/ *Erica P. Grosjean*
                                            UNITED STATES MAGISTRATE JUDGE